IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| BROCK PETERSON and | ) | |
| MARY A. PRITCHETT, | ) | |
| | ) | CASE NO. BK12-40289-TLS |
| Debtor(s). | ) | A12-4069-TLS |
| BROCK PETERSON and | ) | |
| MARY A. PRITCHETT, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the debtor plaintiffs' motion for summary judgment (Fil. No. 7). No resistance was filed. Katherine S. Vogel represents the debtors. No appearance was made for the defendant. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to avoid a junior lien on the debtors' residential real property. The debtors assert there are two consensual liens and a statutory lien for unpaid real estate taxes on the property. The first lien is held by Wells Fargo Financial Nebraska, Inc., pursuant to a deed of trust filed on December 28, 2007, as security for a mortgage loan. Wells Fargo Financial filed a proof of claim for $201,505.78. Wells Fargo Bank, N.A., holds a second lien against the property for a home equity line of credit secured by a deed of trust filed on December 28, 2007. Wells Fargo Bank filed a proof of claim for $19,343.32. In addition, the property was sold for taxes in 2010. The owner of the tax sale certificate filed a proof of claim for $14,230.76 for the unpaid taxes from 2008 through 2010. The Lancaster County Treasurer filed a proof of claim in the amount of $3,645.80 for the unpaid 2011 real estate taxes. The debtors value the property at $200,000.00. Accordingly, the debtors assert that, based on the lack of equity in the property, Wells Fargo Bank's lien is wholly unsecured under 11 U.S.C. § 506(a) and is void under § 506(d).

The following facts are uncontroverted:

1. The plaintiffs are the debtors in this Chapter 13 proceeding.

2. The plaintiffs are the owner of real property legally described as Lot 1, Block 2, Pine Lake Heights South 1st Addition, Lincoln, Lancaster County, Nebraska, and commonly known as 7631 Brummond Drive, Lincoln, Nebraska 68516.

3. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

4. Wells Fargo Financial Nebraska, Inc., holds the first lien against the real property in the approximate amount of $201,505.78.

5. Wells Fargo Bank, N.A., holds the second lien against the property in the approximate amount of $19,343.32.

6. The owner of the tax sale certificate holds a statutory lien against the property in the approximate amount of $14,230.76 for taxes owed for 2008 through 2010.

7. The Lancaster County Treasurer holds a statutory lien in the approximate amount of $3,735.19 for unpaid 2011 real estate taxes.

8. The debtors and the two deed of trust holders estimate the fair market value of the property to be $200,000.00.

9. Upon information and belief, the second lien is wholly unsecured.

10. The plaintiffs filed this adversary complaint on June 29, 2012.

11. The summons and complaint were served on the defendant on July 12, 2012.

12. The time for filing an answer or other response expired on August 11, 2012.

13. No answer or other response has been filed or served by the defendant.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177 (B.A.P. 8th Cir. 2011).

The analysis was explained in *Fisette*:

> [T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:
> The message, to recapitulate, is this:
> — Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;

    — Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;

    — Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"

    — If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim" and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;

    — If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

*Fisette*, 455 B.R. at 183-184 (quoting *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 669 (6th Cir. 2002)).

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

There are no material facts in dispute here. The debtors may strip off the wholly unsecured junior lien held by Wells Fargo Bank, N.A., for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

IT IS ORDERED: The debtor plaintiffs' motion for summary judgment (Fil. No. 7) is granted. Separate judgment will be entered.

DATED: October 9, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Katherine S. Vogel/Trev E. Peterson
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.